**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ERIC JAMES DELEON, | Case No. 3:26-CV-00267-MMD-CLB |
| Plaintiff, | **ORDER DENYING PROPOSED STIPULATED PROTECTIVE ORDER** |
| v. | [ECF No. 23] |
| TESLA MOTORS NV, INC., and TESLA, INC., | |
| Defendants. | |

Before the Court is the parties' proposed stipulated protective order. (ECF No. 23.) There are two problems with the proposed protective order. First, although the proposed protective order discusses filing documents under seal and marked as confidential, it does not cite to the relevant authority.[1] The protective order must require the parties to follow the dictates of the District of Nevada's Local Rule IA 10-5, and the requirements set forth by the Ninth Circuit. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1097 (9th Cir. 2016).

Second, the proposed protective order explicitly states the Court's jurisdiction will continue upon termination of the case. (ECF No. 23 at 17.) This is incorrect. The Court will only retain jurisdiction over stipulated protective orders while a case is pending, and its jurisdiction will cease upon dismissal of the case.

///

///

---

[1] The parties reference "the Federal Rules for Sealing and Redacting Court Records" and the "Nevada Supreme Court Rules Governing Sealing and Redacting Court Records" in their stipulation. (ECF No. 23 at 10, 13.) The Court is unsure what the parties are referring to with respect to the federal sealing rules, and the Nevada Supreme Court's rules regarding sealing are irrelevant in this case. The parties are reminded that they are required to follow the Federal Rules of Civil Procedure and the Local Rules for the District of Nevada — not rules applicable to the Nevada state courts.

For these reasons, the proposed stipulated protective order, (ECF No. 23), is **DENIED**. The parties have leave to submit a revised stipulated protective order that comports with Local Rule IA 10-5, the holdings in *Kamakana* and *Center for Auto Safety*, and includes a proper jurisdictional provision as described above.[2]

**IT IS SO ORDERED.**

DATED <u>June 29, 2026</u>.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[2]     To assist the parties, the below "sealing" paragraph has been utilized and approved by this Court in other cases:

Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

2