ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
KIRCHE M. RAY, ESQ.
Nevada Bar No. 16306
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Fax:          (702) 792-9002
Email: swanise@gtlaw.com
          kirche.ray@gtlaw.com

*Attorneys for Defendants, TESLA*
*MOTORS NV, INC. and TESLA, INC.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIC JAMES DELEON,<br><br>              Plaintiff,<br><br>    v.<br><br>TESLA MOTORS NV, INC., a Domestic Corporation register or otherwise authorized to do business in the State of Nevada; TESLA, INC., a Foreign Corporation registered or otherwise authorized to do business in the State of Nevada, and DOES 1-50, inclusive,<br><br>              Defendants. | CASE NO.: 3:26-cv-00267-MMD-CLB<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER** |

TESLA MOTORS NV, INC. ("Tesla Motors") and TESLA, INC. ("Tesla" and collectively with Tesla Motors, the "Defendants"), by and through their undersigned counsel and Plaintiff Eric James Deleon ("Plaintiff"), by and through his undersigned counsel (collectively referred to herein as the "Parties" and individually as a "Party"), agree that good cause exists to protect the confidential nature of certain information contained in documents, interrogatory responses, responses to requests for admission, and/or testimony in this action. Because this action may involve disputes regarding the management and financial affairs of a company involved in a highly competitive business, the parties may request and/or exchange information that is confidential and proprietary regarding the business and operations of a Party. Further,

ACTIVE 725671833v1

the Parties may produce documents and/or provide testimony about sensitive personal information of individuals. Thus, the Parties have agreed and stipulated to the entry of this stipulated confidentiality agreement and protective order (the "Protective Order") for the protection of business records, plans and strategies, information, financial records, trade secrets and other proprietary information, confidential records, commercial information, and related information, as well as sensitive personal information produced or otherwise disclosed by the Parties in this action.

WHEREAS, the Parties desire to produce certain documents or other material that contain proprietary and/or confidential information;

The Court, finding good cause for entry of a protective order, hereby ORDERS that:

1. Applicability of this Protective Order: Subject to Section 2 below, this Protective Order does not and will not govern any trial proceedings in this action but will be applicable to and govern the handling of documents, depositions, deposition exhibits, testimony declarations, affidavits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery conducted or obtained pursuant to the Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a Party, non-party or witness in connection with this action (this information hereinafter shall be referred to as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the Parties and non-parties that give testimony or produce documents or other information in connection with this action; "Receiving Party" shall refer to the Parties in this action that receive such information, and "Authorized Recipient" shall refer to any person or entity authorized by Sections 12 and 13 of this Protective Order to obtain access to Confidential Information, Highly Confidential Information, or the contents of such Discovery Material.

2. No Waiver. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to be a waiver of any rights or objections to

ACTIVE 725671833v1

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

challenge the authenticity or admissibility of any document, testimony or other evidence. Additionally, this Protective Order will not prejudice the right of any Party or non-party to oppose production of any information on the ground of attorney-client privilege, work product doctrine, or any other privilege or protection provided under the law.

3. <u>Designation of Information</u>.  Any Producing Party may designate Discovery Material that is in its possession, custody, or control produced to a Receiving Party as "Confidential" or "Highly Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains nonpublic, confidential information as defined in Sections 5 and 6 below.

4. <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Producing Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Indiscriminate designations are prohibited.

5. <u>Confidential Information</u>:  For purposes of this Protective Order, "Confidential Information" means information that constitutes, reflects, or discloses nonpublic information, trade secrets, know-how, research, development, or other financial, proprietary, commercially sensitive, confidential business, accounting, marketing, regulatory, or strategic information (regarding business plans, negotiations, decisions or strategies, scientific and technical data, and nonpublic designs), and information about existing and potential customers, the disclosure of which the Producing Party believes in good faith might reasonably result in economic, competitive, or business injury to the Producing Party (or its parents, subsidiaries, affiliates, personnel, or clients) and/or which is not publicly known and cannot be ascertained from an inspection of publicly available sources, documents, material, or devices.  "Confidential Information" shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; social security numbers, dates of birth, employment personnel files, medical information, home telephone records/numbers, employee disciplinary records, wage statements or earnings statements, employee benefits data, tax records, and other similar personal financial information.  A Party may also designate as "CONFIDENTIAL"

ACTIVE 725671833v1

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

compilations of Discovery Materials that include documents designated CONFIDENTIAL within such a compilation. Prior incident reports and substantially similar occurrence evidence may be designated Confidential only to the extent necessary to protect personal identifying information.

6. <u>Highly Confidential Information</u>: For purposes of this Protective Order, Highly Confidential Information is any Confidential Information as defined in Section 5 above that also includes extremely sensitive, non-public trade secret or competitively sensitive material that would create a substantial risk of serious business or personal harm if disclosed and cannot adequately be protected through a standard "confidential" designation. The following categories of materials generally shall not be designated "Highly Confidential" absent extraordinary circumstances:

- incident reports;
- maintenance logs;
- inspection records;
- photographs or video of the incident scene;
- snow and ice remediation records;
- safety policies or training materials;
- weather-related records;
- employee witness statements;
- diagrams or depictions of the incident location;
- prior substantially similar incident records (subject to redaction of personal identifying information).

Conditions observable by facility invitees or persons present at the property, including the physical condition of the incident location, lighting, walkways, weather conditions, snow or ice accumulation, warning signs, and remediation efforts, shall not be designated Highly Confidential absent extraordinary circumstances. A Party may re-designate material originally "CONFIDENTIAL" as "HIGHLY CONFIDENTIAL" by giving notice of such re-designation to all Parties.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

Page 4 of 18

ACTIVE 725671833v1

7.      Designating Confidential Information or Highly Confidential Information:  If any Party in this action determines in good faith that any information, documents, things, or responses produced in the course of discovery in this action should be designated as Confidential Information or Highly Confidential (the "Designating Party"), it shall mark all copies of such documents, things, or responses, or portions thereof deemed to be confidential as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (whether produced in hard copy or electronic form) at the expense of the Designating Party and treated as such by all Parties.  A Designating Party may inform another Party that a document is Confidential or Highly Confidential by providing the Bates number of the document in writing.  If Confidential Information or Highly Confidential Information is produced via an electronic form on a computer readable medium, other digital storage medium, or via Internet transmission, the Producing Party or Designating Party shall affix in a prominent place on the storage medium or container file on which the information is stored, and on any container(s) for such medium, the legend "Includes CONFIDENTIAL INFORMATION" or "Includes HIGHLY CONFIDENTIAL INFORMATION."  Nothing in this Section shall extend confidentiality or the protections associated therewith to any information that does not otherwise constitute "Confidential Information" or "Highly Confidential Information" as defined in Sections 5 and 6 herein.

8.      Redaction Allowed:  Any Producing Party may redact from the documents or materials it produces matter that the Producing Party claims is subject to the attorney-client privilege, the work product doctrine, a legal prohibition against disclosure, or personal identifying information protected by law.  Any Producing Party also may redact information that is both personal and nonresponsive, such as a social security number.  All redactions must be narrowly tailored.  A Producing Party may not withhold nonprivileged, discoverable, and/or responsive information solely on the grounds that such information is contained in a document that includes privileged information.  Further, materials may not be redacted solely based upon confidentiality concerns, relevance objections, or business sensitivity where the information is otherwise discoverable. The Producing Party shall mark each redaction with a legend stating

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 725671833v1

"REDACTED," and include an annotation indicating the specific reason for the redaction (e.g., "REDACTED – Work Product"). All documents redacted based on attorney client privilege or work product doctrine shall be listed in an appropriate log in conformity with Federal Rule of Civil Procedure 26(b)(5). Any other redaction made pursuant to this Section, whether based on a claim of privilege, protection, or otherwise, shall likewise be identified on an appropriate log indicating the justification for the redaction. Where a document consists of more than one page, the page on which information has been redacted shall so be marked. The Producing Party shall preserve an unredacted version of such document.

9.      Use of Confidential Information or Highly Confidential Information. Except as provided herein, Confidential Information and Highly Confidential Information designated or marked shall be maintained in confidence, used solely for the purposes of this action, to the extent not otherwise prohibited by an order of the Court, shall be disclosed to no one except those persons identified herein in Sections 12 and 13, and shall be handled in such manner until such designation is removed by the Designating Party or by order of the Court. Confidential Information or Highly Confidential Information produced by another Party shall not be used by any Receiving Party for any commercial, competitive or personal purpose. Nothing in this Protective Order shall govern or restrict a Producing Party's use of its own Confidential Information or Highly Confidential Information or any non-confidential information in any way.

10.     Designation of Previously Disclosed Documents. Once the Court enters this Protective Order, a Party shall have thirty (30) days to designate as Confidential or Highly Confidential any documents previously produced in this action, which it can do by stamping "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document, and/or informing the other Parties of the Bates numbers of the documents so designated.

11.     Use of Confidential Information and Highly Confidential Information in Depositions. Counsel for any Party shall have the right to disclose Confidential Information at depositions, provided that such disclosure is consistent with this Protective Order. Any counsel of record may request that all persons not entitled under Sections 12 or 13 of this Protective

ACTIVE 725671833v1

Order to have access to Confidential Information or Highly Confidential Information leave the deposition room during the confidential portion of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question where the answer would disclose Confidential Information or Highly Confidential Information until such unauthorized person leaves the deposition room.

Additionally, at any deposition session, (1) upon inquiry with regard to the content of any Discovery Material(s) designated or marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"; (2) whenever counsel for a Party deems that the answer to a question may result in the disclosure or revelation of Confidential Information or Highly Confidential Information; and/or (3) whenever counsel for a Party deems that the answer to any question has resulted in the disclosure or revelation of Confidential Information or Highly Confidential Information, counsel to any Party may designate portions of a deposition transcript and/or video of any deposition (or any other testimony) as containing Confidential Information or Highly Confidential Information in accordance with this Protective Order by a statement on the record during the deposition or by notifying all other Parties in writing, within fifteen (15) calendar days of receiving the transcript or video that it contains Confidential Information or Highly Confidential Information and designating the specific pages, lines, and/or counter numbers as containing Confidential Information and/or Highly Confidential. If a designation is made via a statement on the record during a deposition, counsel must follow up in writing within fifteen (15) calendar days of receiving the final transcript or video, identifying the specific pages, lines, and/or counter numbers containing the Confidential Information and/or Highly Confidential Information. If no confidentiality designations are made within the fifteen (15)-calendar day period, the entire transcript shall be considered non-confidential. During the fifteen (15)-day period, the entire transcript and video shall automatically be treated as Confidential Information or Highly Confidential (the latter, if stated on the record at the deposition, and providing a basis therefore) pursuant to this Protective Order. Blanket designations are disfavored and that only specifically designated portions shall remain confidential after expiration of the designation

ACTIVE 725671833v1

period.

All originals and copies of deposition transcripts that contain Confidential Information and/or Highly Confidential Information shall be prominently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Any DVD or other digital storage medium containing Confidential or Highly Confidential deposition testimony shall be labeled in accordance with the provisions of Section 7.

12.    <u>Persons Authorized to Receive Confidential Information</u>.    Confidential Information produced pursuant to this Protective Order may be disclosed or made available only to the Court, its employees, other court personnel, and to the persons below:

(a)    A Party, or officers, directors, employees, members, managers, and agents of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)    Counsel for a Party (including in house attorneys, contract attorneys, outside attorneys associated with a law firm(s) of record, and paralegal, clerical, and secretarial staff employed by such counsel);

(c)    Persons retained by a Party to provide litigation support services (photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.);

(d)    Consultants or expert witnesses (together with their support staff) retained for the prosecution or defense of this litigation, provided that such an expert or consultant is not a current employee, contractor, or consultant of a direct competitor of a Party named in this action and provided that such consultant and expert witness agrees to maintain the information as Confidential pursuant to this Order and executes Exhibit A; however, a Party may seek leave of the Court to provide information to a consultant employed or engaged by a competitor;

(e)    Court reporter(s) and videographers(s) employed in this action;

(f)    Any authors and/or recipients of the Confidential Information (to the extent the author or recipient is in possession of the information or documents through means other than

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 725671833v1

Discovery Materials produced in this action);

(g)     A witness at any deposition or other proceeding in this action, provided such witness agrees on the record to maintain the information as Confidential pursuant to this Protective Order and shall execute Exhibit A; and

(h)     Any other person as to whom the Parties in writing agree or that the Court in these proceedings so designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (a) through (h) hereinabove shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper.  Any person to whom Confidential Information is disclosed pursuant to subpart (a) if they are merely an "agent" but do not fall into any other category in that sub-part, (c), (d), (f), (g) and (h), of this Section shall also be required to execute a copy of the form Exhibit A.  The persons shall agree in writing to be bound by the terms of this Protective Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the Party seeking to reveal the Confidential Information) in advance of being shown the Confidential Information.  No Party (or its counsel) shall discourage any persons from signing a copy of Exhibit A.  If a person refuses to execute a copy of Exhibit A, the Party seeking to reveal the Confidential Information shall seek an order from the Court directing that the Confidential Information not be disclosed to such person until the issue be resolved.  Proof of each written agreement provided for under this Section shall be maintained by each of the Parties while this action is pending and disclosed to the other Parties upon good cause shown and upon order of the Court.

13.     <u>Persons Authorized to Receive Highly Confidential Information</u>.     Highly Confidential documents and information may be used only in connection with this case and may be disclosed only to the Court and the persons listed in subsections (b), (c), (d), (e), (f), (g), and (h) of Section 12 above, but shall not be disclosed to a Party, or an employee of a Party, unless

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 725671833v1

reasonably necessary for prosecution of the action, subject to execution of Exhibit A and counsel supervision or ordered by the Court. Any person to whom Highly Confidential Information is disclosed pursuant to sub-sections (c), (d), or (h) of Section 12 above shall also be required to execute a copy of Exhibit A. Nothing in this Order shall prevent counsel from showing Confidential or Highly Confidential material to parties, witnesses, deponents, experts, consultants, or potential witnesses where reasonably necessary for testimony preparation, deposition preparation, mediation, motion practice, hearings, or trial subject to execution of Exhibit A and counsel supervision.

14. <u>Filing of Confidential Information and Highly Confidential Information with the Court</u>: Any Party seeking to file or disclose materials designated as Confidential Information or Highly Confidential Information with the Court in this action must seek to file such Confidential Information or Highly Confidential Information under seal pursuant to Rule 3 of the Federal Rules for Sealing and Redacting Court Records. The Designating Party will have the burden to provide the Court with any information necessary to support the designation as Confidential Information or Highly Confidential Information. Designation of material as Confidential or Highly Confidential shall not create any presumption that such material may be filed under seal, excluded from evidence, or otherwise withheld from public use at trial or hearing. Any request to seal or restrict the use of evidence at trial or hearing must be separately made and supported under applicable law.

15. <u>Notice to Nonparties</u>. Any Party issuing a subpoena to a nonparty shall enclose a copy of this Protective Order and advise the nonparty that it may designate any Discovery Material it produces pursuant to the terms of this Protective Order should the nonparty producing party wish to do so. This Protective Order shall be binding in favor of designating nonparties to the maximum extent permitted by law. Any nonparty invoking the Protective Order shall comply with, and be subject to, all applicable sections of this Protective Order. Further, the failure of any non-party to designate the material it produces as Confidential or Highly Confidential shall not be controlling and any other Party may thereafter seek to designate the material in accordance with the terms of this Protective Order.

ACTIVE 725671833v1

16. Knowledge of Unauthorized Use or Possession. If a Party receiving Confidential Information and/or Highly Confidential Information learns of any possession, knowledge, use or disclosure of any Confidential Information and/or Highly Confidential Information in violation of the terms of this Protective Order, the Receiving Party shall immediately notify in writing the Party that produced the Confidential Information and/or Highly Confidential Information at issue. The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure, the Receiving Party shall assist the Producing Party in remedying the disclosure (e.g., by retrieving the Confidential Information and/or Highly Confidential Information from an unauthorized recipient) and/or preventing its recurrence.

17. Copies, Summaries or Abstracts. Any copies, summaries, abstracts or exact duplications of Confidential Information shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall be considered Confidential Information or Highly Confidential Information subject to the terms and conditions of this Protective Order. Attorney-client communications and attorney work product regarding Confidential Information or Highly Confidential Information shall not be subject to this section (i.e., it need not be marked "CONFIDENTIAL"), regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information or Highly Confidential Information.

18. Information Not Confidential. The restrictions set forth in this Protective Order shall not be construed to apply to any information or materials that:

(a) Were lawfully in the Receiving Party's possession prior to such information being designated as Confidential Information or Highly Confidential Information in this action, and that the Receiving Party is not otherwise obligated to treat as confidential;

(b) Were obtained without any benefit or use of Confidential Information or Highly Confidential Information from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

(c) Were independently developed after the time of disclosure by persons who did not have access to the Producing Party's Confidential Information or Highly Confidential

ACTIVE 725671833v1

Information;

(d)     Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

(e)     Under law, have been declared to be in the public domain.

19.    Challenges to Designations. Any Party may object to the designation of Confidential Information ("Objecting Party") during the litigation consistent with the scheduling order and applicable rules on the ground that such information does not constitute Confidential Information or Highly Confidential Information by serving written notice upon counsel for the Producing Party, specifying the item(s) in question and the grounds for the objection.  If a Party objects to the designation of any materials as Confidential Information or Highly Confidential Information, the Producing Party shall attempt to arrange for a meet and confer conference to be held within seven (7) calendar days of service of a written objection to the designation to attempt to informally resolve the dispute.  If the Parties cannot resolve the matter, the Producing Party may file a motion with the Court to resolve the dispute.  Such motions must be filed within seven (7) calendar days of the meet and confer conference.  This Protective Order will not affect the burden of proof on any such motion or impose any burdens upon any Party that would not exist had the Protective Order not been entered.  As a general matter, the burden shall be on the Producing Party to establish the propriety of the designation.  Mass, indiscriminate, or routinized designations are prohibited.  Any contested information shall continue to be treated as confidential and subject to this Protective Order until such time as such motion has been ruled upon.  In the event the Court determines that any material was improperly designated as Highly Confidential, the Court may award the reasonable attorney's fees and costs of the objecting Party relating to motion practice regarding the improper designation.  If the Producing Party does not attempt to arrange for a meet and confer conference to be held within seven (7) calendar days of service of a written objection to the designation to attempt to informally resolve the dispute or file a motion within seven (7) calendar days of the meet and confer conference, and the Parties have not otherwise agreed, the designation(s) of the contested Discovery Material shall no longer apply.

20.    Use in these Proceedings.    If any Confidential Information or Highly

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 725671833v1

Confidential Information is used in any proceeding in this action, it shall not necessarily lose its confidential status through such use. Unless otherwise permitted by statute, rule or prior court order, such Confidential Information shall be filed under seal in accordance with Rule 5.2 of the Federal Rules of Civile Procedure. Papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5.  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in the court. *Kamakana v. City and County of Honolulu,* 447 F.2d 1172 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

21.   <u>Reservation of Rights</u>.  The Parties each reserve the right to seek or oppose additional or different protection for particular information, documents, materials, items or things.  This Protective Order shall neither enlarge nor affect the proper scope of discovery in this Action.  In addition, this Protective Order shall not limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

22.   <u>Inadvertent Failure to Designate</u>.  The inadvertent failure to designate information produced in discovery as Confidential Information or Highly Confidential Information shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential Information or Highly Confidential Information.  Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify all Receiving Parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it.  Disclosure of such Discovery Materials to any other person prior to later designation of the Discovery Materials in accordance with this Section shall not violate the terms of this Protective Order.  However, immediately upon being notified of an inadvertent failure to designate, all Parties shall treat such information as though properly designated, and shall take any actions necessary to prevent any future unauthorized disclosure, use, or possession, including notifying any recipients of the material and requesting return of

ACTIVE 725671833v1

the information based on its recent designation.  If the materials were provided to non-parties prior to designation, the Party that inadvertently failed to designate and later designated the material shall have the burden of seeking to claw back such materials from the non-party.

23.     No Waiver of Privilege:  Disclosure (including production) of information after the Parties' entry of this Protective Order that a Party or nonparty later claims was inadvertent and should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing Party or Producing Party would be entitled in this action.  Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected documents or electronically stored information, whether inadvertent or otherwise, shall not constitute a waiver of privilege or protection in this proceeding or any other federal or state proceeding.

24.     Effect of Disclosure of Privileged Information:  Each Receiving Party and non party subject to this Protective Order hereby agrees to promptly return, sequester, or destroy any Privileged Information disclosed or produced by any Disclosing Party upon request by the Disclosing Party, regardless of whether the Receiving Party disputes the designation of Privileged Information.  The Receiving Party may sequester (rather than return or destroy) such Privileged Information only if it contends that the information itself is not privileged or otherwise protected and it challenges the privilege designation, in which case it may only sequester the information until the claim of privilege or other protection is resolved.  If any Party disputes the privilege claim, that Objecting Party shall object in writing by notifying the Disclosing Party of the dispute and the basis therefore.  The Parties thereafter shall meet and confer in good faith regarding the disputed claim within seven (7) calendar days after service of the written objection.  In the event that the Parties do not resolve their dispute, the Objecting Party may bring a motion for a determination of whether a privilege applies within seven (7) calendar days of the meet and confer session, but may only contest the asserted privileges on ground other than the inadvertent production of such document(s).  In making such a motion,

ACTIVE 725671833v1

the Objecting Party shall not disclose the content of the document(s) at issue, but may refer to the information contained on the privilege log. Nothing herein shall relieve counsel from abiding by applicable ethical rules regarding inadvertent disclosure and discovery of inadvertently disclosed privileged or otherwise protected material. The failure of any Party to provide notice or instructions under this section shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing Party would be entitled in this action.

25. <u>Inadvertent Production of Non-Discoverable Documents</u>. If a Producing Party inadvertently produces a document that contains no discoverable information, the Producing Party may request in writing that the Receiving Party return the document, and the Receiving Party shall return the document. A Producing Party may not request the return of a document pursuant to this section if the document contains any discoverable information. If a Producing Party inadvertently fails to redact personal information (e.g., a social security number), the Producing Party may provide the Receiving Party a substitute version of the document that redacts the personal information, and the Receiving Party shall return the original, unredacted document to the Producing Party. In the event that the Parties do not resolve their dispute, the Producing Party may bring a motion seeking appropriate relief.

26. <u>Return of Information</u>. Within thirty (30) calendar days after the final disposition of this action, by settlement or otherwise, all Confidential and Highly Confidential Material produced by an opposing Party or nonparty (including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the Parties to whom the Confidential and/or Highly Confidential Material was produced, and each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such Confidential and/or Highly Confidential Material (including, without limitation, any copies, extracts or summaries thereof) has been destroyed; provided, however, that each counsel shall be entitled to retain the following materials subject to continuing confidentiality obligations to the extent necessary to preserve a litigation file with respect to this action:

- pleadings;

<div align="center">Page 15 of 18</div>

ACTIVE 725671833v1

<div style="margin-left:0">Greenberg Traurig, LLP<br>10845 Griffith Peak Drive, Suite 600<br>Las Vegas, NV 89135<br>(702) 792-3773<br>(702) 792-9002 (fax)</div>

- motions;

- deposition transcripts and exhibits;

- expert materials;

- attorney work product;

- correspondence;

- discovery responses; and

- and court filings.

27.    Attorney Fees.  Nothing in this Protective Order is intended to either expand or limit a prevailing Party's right under applicable law to pursue costs and attorney fees incurred related to confidentiality designations or the abuse of the process described herein.

28.    Injunctive Relief and Sanctions Available for Unauthorized Disclosure or Use of Confidential Information or Highly Confidential Information.  The Parties and/or nonparties shall not utilize any Confidential Information or Highly Confidential Information for their own personal and/or business advantage or gain, aside from purpose(s) solely related to the instant litigation.  The Parties and nonparties acknowledge and agree that unauthorized use and/or disclosure of Confidential Information or Highly Confidential Information beyond this litigation shall subject the offending Party or nonparty to sanctions contemplated in the Federal Rules of Civil Procedure, up to and including entry of judgment against the offending Party in circumstances involving willful disobedience with this Order.  Further, the Parties and/or nonparties receiving or being given access to Confidential Information and/or Highly Confidential Information acknowledge that monetary remedies would be inadequate to protect each Party in the case of unauthorized disclosure or use of Confidential Information and/or Highly Confidential Information that the Receiving Party only received through discovery in this action and that injunctive relief would be necessary and appropriate to protect each Party's rights in the event there is any such unauthorized disclosure or use of Confidential Information and/or Highly Confidential Information.  The availability of injunctive relief to protect against the unauthorized disclosure or use of Confidential Information and/or Highly Confidential Information shall not be exclusive.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 725671833v1

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

29. <u>Other Actions and Proceedings</u>.  If a Receiving Party (a) is subpoenaed in another action, investigation, or proceeding, (b) is served with a demand in another action, investigation, or proceeding, or (c) is served with any legal process by one not a Party to this Protective Order, seeking materials which were produced or designated as Confidential Information or Highly Confidential Information pursuant to this Protective Order, the Receiving Party shall give prompt, actual, written notice by electronic transmission to counsel of record for such Producing Party within seven (7) business days of receipt of such subpoena, demand or legal process, or such shorter notice as may be required to provide other parties with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law. The burden of opposing enforcement of the subpoena, demand or legal process shall fall upon the Party or nonparty who produced or designated the Discovery Material as Confidential Information or Highly Confidential Information.  Unless the Party or nonparty who produced or designated the Confidential Information or Highly Confidential Information obtains an order or files a motion seeking an order directing that the subpoena not be complied with, and serves such order or copy of the filed motion upon the Receiving Party prior to production pursuant to the subpoena, the Receiving Party shall be permitted to produce documents responsive to the subpoena on the subpoena response date.  Compliance by the Receiving Party with any order directing production pursuant to a subpoena of any Confidential Information and/or Highly Confidential Information shall not constitute a violation of this Protective Order.  Nothing in this Protective Order shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

30. <u>Execution in Counterparts</u>.  This Protective Order may be signed in counterparts, and a fax or "PDF" signature shall have the same force and effect as an original ink signature.

31. <u>Modification of this Protective Order</u>.  This Protective Order may be modified by the Court at any time for good cause shown, or pursuant to a stipulated Order by the Parties. The entry of this Protective Order shall be without prejudice to the rights of any Party to apply

/ / /

/ / /

ACTIVE 725671833v1

for modification of this Protective Order or for additional or different protections.

**IT IS SO STIPULATED**.

DATED this 13th day of July 2026.

**GREENBERG TRAURIG, LLP**

/s/ Eric W. Swanis
ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
KIRCHE RAY, ESQ.
Nevada Bar No. 16306
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV  89135
Telephone: (702) 792-3773
*Counsel for Defendants*

DATED this 13th day of July 2026.

**STEVEN J. KLEARMAN & ASSOCIATES**

/s/  Steven J. Klearman
STEVEN J. KLEARMAN, ESQ.
Nevada Bar No. 3471
437 W. Plumb Lane
Reno, Nevada 89509
*Counsel for Plaintiff*

### ORDER

The Court will only retain jurisdiction over this protective order while the case is pending, and its jurisdiction will cease upon dismissal of the case.

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 725671833v1